

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:01CR33 |
| | § | |
| LAWRENCE QUINTON THOMAS | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Lawrence Quinton Thomas, violated conditions of supervised release imposed by United States District Judge Howell Cobb. The United States Probation Office filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* (doc. #55) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on June 3, 2014, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violations warrant the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## **STATEMENT OF REASONS**

### A. Procedural History

On January 17, 2002, the Honorable Howell Cobb of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of Possession with Intent to Distribute 5 grams or more, but less than 50 grams of cocaine base, a Class B felony. The Court sentenced the defendant to 110 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include: the defendant shall not commit any offenses against a foreign state or nation; drug aftercare; and a $100 special assessment.

Judge Cobb has since passed away. Accordingly, on March 13, 2008, his case was reassigned to Thad Heartfield, U.S. District Judge in the Eastern District of Texas.

On April 3, 2008, pursuant to 18 U.S.C. § 3582(c)(2), the Court reduced Mr. Thomas' imprisonment term of 110 months to 92 months. On August 1, 2008, Lawrence Quinton Thomas

completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state, or local crime.*

Specifically, the petition alleges that on March 6, 2013, Mr. Thomas was indicted in the Eastern District of Texas for Conspiracy to Commit Mail Fraud. On April 3, 2013, a superseding indictment was filed which charged Mr. Thomas with the following conduct: Conspiracy to Commit Mail Fraud (Count 1); Conspiracy to Commit Hobbs Act Robbery (Count 2); Hobbs Act Robbery (Count 4); and Brandishing a Firearm in Furtherance of a Crime of Violence (Count 7).

### C. Evidence presented at Hearing

At the hearing, the Government offered the following evidence as its factual basis in support of the alleged violation. The Government submitted documentary evidence showing that on May 28, 2014, Judge Heartfield sentenced Mr. Thomas to 48 months imprisonment after he pled guilty to Conspiracy to Commit Mail Fraud and Conspiracy to Commit Hobbs Act Robbery in case number 1:13-CR-25(2). That sentence was ordered to run concurrently to any term of imprisonment imposed for the revocation in this case. The Government entered a copy of the judgment of conviction in 1:13-CR-25(2) into the record at the revocation hearing.

Defendant, Lawrence Quinton Thomas, offered a plea of true to the above-stated allegations in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he was convicted of a new federal crime in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by committing a new federal crime while on supervised release.

If the Court finds that Mr. Thomas violated his supervision conditions in the manner stated above, this will constitute a Grade A violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade A violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon the defendant's criminal history category of V and the Grade A violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 30 to 37 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three (3) years and the Guideline range is accordingly statutorily capped at 36 months. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade A violation of his supervision conditions by committing a new federal crime. The defendant knowingly and voluntarily pled true to this conduct and agreed with the recommended sentence.

Therefore, based upon the plea of true, the evidence presented in this case, and the parties' agreement, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Lawrence Quinton Thomas, to serve a term of **thirty-six (36) months imprisonment** in this cause to run **concurrently** with the imprisonment sentence imposed for recent conviction in cause number 1:13CR25(2). Finally, the Court recommends that no further term of supervision be imposed upon the defendant's release.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts

require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 4th day of June, 2014.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE